**Julian Leon GEIGER, Plaintiff,**

v.

**Mike ESPY, Secretary of Agriculture; and William M. Kirk, State Director of Farmers Home Administration, Defendants.**

No. 95–4036–SAC.

United States District Court, D. Kansas.

March 16, 1995.

Julian Leon Geiger, Robinson, KS, pro se.

Melanie D. Caro, Office of U.S. Atty., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiff's "Motion for a Temporary Restraining Order Without Notice." (Dk. 2). Appearing *pro se*, the plaintiff filed this action on March 3, 1995, seeking judicial review of the defendant's refusal to recognize his homestead rights in certain land in Brown County, Kansas. The plaintiff alleges his homestead redemption rights under 7 U.S.C. § 2000 are not limited to ten acres but include the full 160–acre homestead exemption recognized at K.S.A. 60–2301. For relief, the plaintiff asks the court to order the defendants both to recognize the plaintiff's right to redeem certain property covered by the state homestead exemption and to accept the plaintiff's good faith offer to purchase the same land.

The plaintiff's present motion for a temporary restraining order seeks to enjoin the defendants from selling or otherwise disposing of the real property that is the subject of this suit. According to the plaintiff, the defendants have sold the real property to a third party and "anticipate closing the sale in the near future." If the sale is not enjoined, the plaintiff alleges he would be irreparably injured in the following respect:

19. That the specific property at issue is unique and irreplaceable and has been in Plaintiff's immediately (sic) family and personal possession since 1964, and prior to that date the property belonged to long-time personal friends of the Plaintiff and the Plaintiff's family, and the Plaintiff will suffer irreparable injury, loss or damage from the sale of this specific property if the Defendant's are allowed to sell the property to a good faith purchaser before a hearing could be held.

. . . .

22. That Plaintiff has written to the Defendant William M. Kirk on March 10, 1994 informing him that he wished to send notice of the pending lawsuit (case no. 95–4036–SAC) and the ownership rights that

the Plaintiff is claiming to the perspective (sic) buyers.

(Dk. 2 at 4). As far as the defendants having notice of this motion, the plaintiff asserts he did not attempt to give notice because of the immediate need to block the sale.

■ As opposed to a preliminary injunction, a temporary restraining order ("TRO") is sought and heard on an emergency basis. The courts generally expedite TRO applications and decide them ex parte. The courts consider such ex parte relief reserved for circumstances where the applicant would face immediate and irreparable harm if the court waited for the preliminary injunction proceeding. The Supreme Court in *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39, 94 S.Ct. 1113, 1123–24, 39 L.Ed.2d 435 (1974), explained a TRO's limited purpose:

> The stringent restrictions imposed by . . . Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, (citation omitted), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Another way of looking at the immediate injury requirement is expressed in a leading commentary:

> The ex parte temporary restraining order is indispensable to the commencement of an action when it is the sole method of preserving a state of affairs in which the court can provide effective final relief. Immediate action is vital when imminent destruction of the disputed property, its removal beyond the confines of the state, or its sale to an innocent third party is threatened. In these situations, giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all.

11 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2951 at 500–501 (1973) (quoting *Developments in the Law—Injunctions,* 78 Harv.L.Rev. 994, 1060 (1965)). At the outset then, the court must satisfy itself that an ex parte TRO is necessary to preserve the status quo and prevent the irreparable harm that would occur if the court were to wait for notice to the other side and for a preliminary injunction hearing.

 The plaintiff does not carry his burden of showing an irreparable injury without an ex parte TRO. The only injury, which is argued in his application, is the likelihood that the defendants will close the sale of the real property with a "good faith purchaser." The court presumes the plaintiff uses "good faith purchaser" to mean someone who lacks actual or constructive notice of this pending federal suit.

■ "Under 28 U.S.C. § 1964, where parties in a federal court action claim an interest in real property which is located in a state which has a lis pendens statute, there must be a compliance with that statute in order to give constructive notice of the federal court action." *Winkler v. Andrus,* 614 F.2d 707, 712 (10th Cir.1980). Kansas lis pendens provisions are located at Article 22 of Chapter 60 of the Kansas Statutes Annotated. When the subject of a federal court action pending in the District of Kansas is real property located in Kansas, the provisions of K.S.A. 60–2201 apply. *Griffin v. Federal Land Bank of Wichita,* No. 88–1599–C, 1989 WL 60303, 1989 U.S. Dist. LEXIS 6309 (D.Kan. May 11, 1989).

If the plaintiff here were to follow the Kansas lis pendens provisions, then a purchaser of the subject real property would have constructive notice of this suit. Consequently, a TRO is not the sole method of preventing the irreparable injury that the plaintiff argues in his application. In this instance, the plaintiff has available to him reasonable and adequate measures to prevent the very irreparable injury that he argues would occur without a TRO. The court believes an ex parte TRO is not justified under these circumstances.

IT IS THEREFORE ORDERED that the plaintiff's motion for temporary restraining order without notice (Dk. 2) is denied.